NICK LETANG
PASSAMANI & LETANG, PLLC
Physical: 40 West 14th Street, Helena, MT 59601
Mail: P.O. Box 1778, Helena, MT 59624
(406) 422-4522
nick@plmontana.com
Bar #: 54057898
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA

| | |
|---|---|
| YVONNE BROWN, | Cause No.: _____ |
| Plaintiff, | |
| v. | Judge: _____ |
| DAT P. TRAN, ACTING SECRETARY OF VETERANS AFFAIRS, & DEPARTMENT OF VETERANS AFFAIRS, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMES NOW, YVONNE BROWN, by and through her undersigned attorney, respectfully

alleges the following:

Complaint and Demand for Jury Trial     1

## JURISDICTION

1. Plaintiff was terminated from her position with the Department of Veterans Affairs (the "VA").

2. Plaintiff was a Voucher Examiner for the VA in Helena, Montana.

3. Plaintiff challenged her termination with the Office of Employment Discrimination Complaint Adjudication.

4. Plaintiff has received a Transmittal of Final Agency Decision from the Department of Veterans Affairs, rejecting her Complaint.

5. This Court has *federal question* subject matter jurisdiction.

6. This Court has jurisdiction over defendants and this action.

## VENUE

7. Plaintiff is a resident of Lewis and Clark County, Montana.

8. The wrongful conduct, alleged herein, occurred in Lewis and Clark County, Montana.

9. Venue is proper in U.S. District Court for the District of Montana–Helena Division.

## ALLEGED FACTS

10. Plaintiff is permanently deaf, though she can hear certain male voices with a lower frequency.

11. Plaintiff uses American Sign Language and lip reading to communicate.

12. Despite her deafness, Plaintiff has completed her *master's degree*, indicating her ability to master complex material despite her disability.

13. Due to deafness, Plaintiff cannot use telephones; instead, she uses videophones with a sign language service.

14. Beginning in early 2018, Plaintiff worked as a Voucher Examiner, GS-6, stationed in

Helena, Montana.

15. Prior to working in Helena, Plaintiff worked for the VA in Denver Colorado from 2011 to 2018.

16. Plaintiff needs a videophone to complete her job requirements, including training and processing Veterans' claims payment.

17. Plaintiff was not able to properly train in her role due to Defendants' lack of accommodations.

18. During group trainings, lecturers spoke too fast for Plaintiff and her interpreters to relay information and allow Plaintiff to implement what she learned. During a group training, Plaintiff would need to: (1) look at her interpreter on one screen; (2) the interpreter would have to process and relay to Plaintiff—at full speed—what the lecturer was saying; and then Plaintiff would have to (3) look at her computer screen to try to apply her training. But before Plaintiff could apply what she had learned, she would have to look back to her interpreter for the next communication. This lack of accommodation did not allow Plaintiff to apply what was taught by the lecturer and relayed to Plaintiff by her interpreter.

19. During one-on-one trainings, Plaintiff would use a hearing aid. Because she can best hear low, deep voices, Plaintiff asked for male trainers during one-on-one trainings.

20. Defendants did not accommodate Plaintiff's request for male trainers.

21. As a Voucher Examiner, Plaintiff needed to communicate with veterans and vendors via videophone with stable access to the internet.

22. Defendants have admitted that there were bandwidth issues at the Montana office where Plaintiff worked, which prevented Plaintiff from using equipment that is

necessary to performing her job, including training and working with veterans and vendors.

23. Despite her disability, Plaintiff's appraisal for the 2018 fiscal year was listed as "fully successful."

24. On May 21, 2019, Plaintiff received a *Notice of Unacceptable Performance.*

25. On June 14, 2019, Plaintiff received a progress review with a rating of *Needs Improvement to be Fully Successful.*

26. At this time, the VA's efficiency standard for claim processing was 96.5%.

27. In the months prior to Plaintiff receiving her *Notice of Unacceptable Performance*, Plaintiff's efficiency standard fluctuated from a low of 78.3% to a high of 97.12%.

28. On January 21, 2020, Plaintiff received a *Memorandum of Proposed Removal*.

29. Around this time, Plaintiff had a meeting with her manager and the Payment Operations and Management Director.

30. Plaintiff was told that she should accept resignation as an alternative to being terminated.

31. Despite being "fully successful" in her job immediately prior to receiving poor performance marks, Plaintiff was terminated due to her disability and Defendants' lack of reasonable training accommodations and reasonable access to stable internet.

32. Defendants failed to provide Plaintiff a reasonable accommodation for her disability.

33. Defendants terminated Plaintiff for performance marks that were brought on by Defendants' own lack of reasonable accommodations.

//

## CLAIMS COMMON TO ALL DEFENDANTS

**I.      Violation of the Americans with Disabilities Act**

34. Plaintiff incorporates all prior allegations herein.

35. Defendants had a legal duty to provide reasonable accommodations to Plaintiff.

36. Defendants breached this duty.

37. Plaintiff has been injured by Defendants' breach.

**II.     Violation of the Title VII**

38. Plaintiff incorporates all prior allegations herein.

39. Defendants had a legal duty under Title VII to not discriminate against Plaintiff for her physical disability.

40. Defendants breached this duty.

41. Plaintiff has been injured by Defendants' breach.

**III.    Violation of the Rehabilitation Act**

42. Plaintiff incorporates all prior allegations herein.

43. Defendants had a legal duty under the Act to not discriminate against Plaintiff for her physical disability.

44. Defendants breached this duty.

45. Plaintiff has been injured by Defendants' breach.

**IV.     Punitive Damages**

46. Plaintiff incorporates all prior allegations herein.

47. Plaintiff seeks punitive damages to the maximum extent allowed by law.

//

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following:

A. A scheduling conference be set;

B. A jury trial be scheduled;

C. Judgment be entered in Plaintiff's favor for a sum to be determined;

D. That Plaintiff be awarded her attorney fees and costs; and

E. Any other relief this Court deems equitable and just.


DATED this 29th day of April 2021.

/s/ Nick LeTang
Nick LeTang
PASSAMANI & LETANG, PLLC
